IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| Anthony B. Burnside, #259648, ) | |
| ) | C.A. No.  6:06-1988-HMH-WMC |
| Plaintiff, ) | |
| ) | **OPINION & ORDER** |
| vs. ) | |
| ) | |
| Margaret Young, Head Nurse, RN, ) | |
| ) | |
| Defendant. ) | |

This matter is before the court with the Report and Recommendation of United States Magistrate Judge William M. Catoe, made in accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02 of the District of South Carolina.[1] Anthony B. Burnside ("Burnside"), a state prisoner proceeding pro se, filed a complaint pursuant to 42 U.S.C. § 1983. Magistrate Judge Catoe recommends dismissing Burnside's complaint without prejudice and without issuance and service of process. Burnside filed objections to the Report and Recommendation. For the reasons below, the court adopts the Magistrate Judge's Report and Recommendation and dismisses Burnside's complaint.

**I. FACTUAL AND PROCEDURAL BACKGROUND**

Burnside is currently incarcerated at Broad River Correctional Institute in Columbia, SC. On July 11, 2006, Burnside filed a complaint pursuant to 42 U.S.C. § 1983 alleging various civil

---

[1] The recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court.  See Mathews v. Weber, 423 U.S. 261, 270 (1976).  The court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made.  The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter with instructions.  28 U.S.C. § 636(b)(1) (West Supp. 2006).

1

rights violations. Although unclear from the complaint, Burnside appears to allege the defendant, Margaret Young, engaged in "haressment" [sic] and "misconduct" by terminating him from his prison job. On August 3, 2006, Magistrate Judge Catoe issued his Report recommending dismissal of Burnside's complaint without issuance and service of process. The Magistrate Judge noted that Burnside's suit is barred by the "three strikes" rule of 28 U.S.C. § 1915(g) because he has filed more than three frivolous suits since 1999 and his complaint fails to satisfy the exception for "imminent danger of serious physical injury." 28 U.S.C. § 1915(g) (West Supp. 2006).

## II. DISCUSSION OF THE LAW

Objections to the Report and Recommendation must be specific. Failure to file specific objections constitutes a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the district judge. See United States v. Schronce, 727 F.2d 91, 94 & n.4 (4th Cir. 1984). In the absence of specific objections to the Report and Recommendation of the Magistrate Judge, this court is not required to give any explanation for adopting the recommendation. See Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983).

Burnside filed objections to the Report and Recommendation. After review, however, the court finds that Burnside's objections are non-specific, unrelated to the dispositive portions of the Magistrate Judge's Report and Recommendation, and merely restate his claims. Therefore, after a thorough review of the Report and the record in this case, the court adopts the Magistrate Judge's Report and Recommendation.

Therefore, it is

**ORDERED** that Burnside's complaint is dismissed without prejudice and without issuance and service of process.

**IT IS SO ORDERED**.

s/Henry M. Herlong, Jr.
United States District Judge

Greenville, South Carolina
August 24, 2006

### NOTICE OF RIGHT TO APPEAL

The plaintiff is hereby notified that he has the right to appeal this order within thirty (30) days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.

3